IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRANCIS A. GRANDINETTI, II, #A0185087, <br><br> Plaintiff, <br><br> vs. <br><br> DR. LORI KARAN, et al., <br><br> Defendants. <br> _____ | ) CIV. NO. 13-00221 DKW/BMK <br> ) <br> ) ORDER DENYING MOTIONS FOR <br> ) RECONSIDERATION AND <br> ) TEMPORARY RESTRAINING ORDER <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER DENYING MOTIONS FOR RECONSIDERATION
AND TEMPORARY RESTRAINING ORDER**

On May 15, 2013, the court dismissed this action without prejudice, finding that Plaintiff had accrued three strikes under 28 U.S.C. § 1915(g), did not show imminent danger of serious injury, and could not proceed without concurrent payment of the filing fee. ECF No. 4.

Plaintiff now seeks reconsideration under Federal Rule of Civil Procedure 59, and a temporary restraining order. *See* Mot., ECF. No. 6. In support, Plaintiff submits a prison "Medical Request," dated May 25, 2013, in which he relates that "Delta Pod" was "maced-out" for two hours on May 24,

2013. *Id.* Plaintiff says that he sneezed "about 100 times, coughed or choked about 50 times and used up half a roll of toilet paper." *Id.* The medical request notified prison medical staff that Plaintiff's symptoms had subsided.

Plaintiff provides no coherent reason for the court to reconsider its decision that he may not proceed *in forma pauperis* and that his Complaint and action should be dismissed without prejudice. The issues he raises in his medical request do not relate to the issues raised in his Complaint or show that Plaintiff was in imminent danger of serious physical injury when he commenced this action. *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). He sets forth no intervening change in controlling law, new evidence, or need to correct clear error or prevent manifest injustice. *See White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (citing *Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1178-79 (9th Cir. 1998)). To the extent Plaintiff seeks reconsideration of the May 15, 2013 Dismissal Order, his request is DENIED.

To the extent Plaintiff seeks a temporary restraining order, he fails to establish that he is likely to succeed on the merits of his claims, or suffer irreparable harm, that the balance of equities tips in his favor, or that an injunction

is in the public interest.  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) .  Plaintiff's request for a temporary restraining order is similarly DENIED.

    IT IS SO ORDERED.

    DATED:  Honolulu, Hawaii, June 6, 2013.



    /s/ Derrick K. Watson
    Derrick K. Watson
    United States District Judge

---

Francis A. Grandinetti, II, #A0185087 v. Dr. Lori Karan, et al.;
Civil No. 13-00221 DKW/BMK; ORDER DENYING MOTIONS FOR
RECONSIDERATION AND TEMPORARY RESTRAINING ORDER