IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FRANCIS A. GRANDINETTI, III,<br><br>Plaintiff,<br><br>vs.<br><br>DR. LORI KARAN, et al.,<br><br>Defendants.<br>______________________________ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIV. NO. 13-00221 DKW/BMK<br><br><br>ORDER DENYING TEMPORARY RESTRAINING ORDER |

**ORDER DENYING TEMPORARY RESTRAINING ORDER**

On May 6, 2013, Plaintiff filed this action, complaining that he was denied a medical evaluation before a parole hearing. On May 15, 2013, the court found that Plaintiff had accrued three strikes pursuant to 28 U.S.C. § 1915(g), and failed to allege facts indicating that he was in imminent danger of serious physical injury when he commenced suit. *See* Order, ECF No. 4 PageID #22. This action was then dismissed without prejudice to Plaintiff's filing a new action accompanied by the statutory filing fee. *Id.*; Judgment, ECF No. 5.

Plaintiff has since filed three motions for reconsideration, a motion for temporary restraining order, and a motion to extend time to submit an *in forma pauperis* application. *See* Mots., ECF Nos. 6, 8, 10, 12. Each motion sought, and

failed, to introduce evidence of his imminent danger of serious physical injury when he commenced suit. The court carefully considered and denied each motion. *See* ECF Nos. 7, 9, 11, 13.

Before the court is Plaintiff's second motion for temporary restraining order. ECF No. 14. Plaintiff now complains that Arizona prison officials have subjected him to overly tight handcuffs on numerous occasions over the past years, but most recently on or about June 13, 2013. *See* Mot., ECF No. 14-1 PageID #69-75. Although these claims may sufficiently allege that Plaintiff is *now* in imminent danger of serious physical injury, they do not relate to Plaintiff's original claims. Plaintiff's Motion alleges unrelated incidents that occurred after he commenced this action and that were allegedly committed by individuals with no apparent connection to this suit, other than their employment at the Saguaro Correctional Center in Arizona. It appears that Plaintiff is attempting to litigate a completely new action based on new events by submitting the present motion, and thereby avoid the screening requirements of the Prison Litigation Reform Act ("PLRA"), as set forth in 28 U.S.C. § 1915(e-g) and the bar that § 1915(g) imposes on his filings.

Plaintiff may commence a new action alleging these claims. He may not, however, reopen this action alleging new claims against new defendants in an

attempt to circumvent the PLRA. *See* Fed. R. Civ. P. 18(a); *see also Aul v. Allstate Life Ins. Co.*, 993 F.2d 881, 884 (9th Cir. 1993) ("A claim based on different rights and established by different transactional facts will be a different cause of action."); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees - for the [PLRA] limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

The Clerk is DIRECTED to open a new civil rights action based on Plaintiff's claims herein and randomly assign that action in the normal course. Plaintiff is NOTIFIED that when that action is opened, he will be required to (1) amend his claims by submitting them on the court's prisoner civil rights complaint form; and (2) submit either a fully completed *in forma pauperis* application or the civil filing fee for commencing a new action, within thirty days

// //

// //

// //

// //

from the date that the new action is opened. Any further motions or requests regarding the present claims SHALL be docketed in the new case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 28, 2013.

/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

Francis A. Grandinetti, III v. Dr. Lori Karan, et al.; CV. 13-00221 DKW BMK
ORDER DENYING TEMPORARY RESTRAINING ORDER